# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2022

Lyle W. Cayce
Clerk

No. 21-11012
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE VELASQUEZ-TORRES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-344-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Jose Velasquez-Torres appeals his sentence of 22 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after removal from the United States.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11012

The district court imposed the sentence as an upward departure under U.S.S.G. § 4A1.3(a).

For the first time on appeal, Velasquez-Torres argues that the district court violated his Sixth Amendment rights because its finding supporting imposition of the § 4A1.3(a) departure—that his criminal history category substantially underrepresented his criminal history and the likelihood that he would commit other crimes—needed to be made by a jury beyond a reasonable doubt. He contends that, even though the finding did not affect the maximum or minimum mandatory sentence, it "altered the maximum and minimum reasonable sentence." He concedes that his claim is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), but wishes to preserve it for further review. The Government has moved, unopposed, for summary affirmance or, alternatively, for an extension of time to file its brief.

The district court's factfinding did not alter the mandatory maximum or minimum sentence. *See Tuma*, 738 F.3d at 693; *see also United States v. Hinojosa*, 749 F.3d 407, 411-13 (5th Cir. 2014). Thus, as Velasquez-Torres concedes and the Government asserts, his argument is foreclosed, such that "there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.